**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4731**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

ROGER TRENT MELCHOR,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00028-TDS-1)

———————

Submitted:  June 12, 2014          Decided:  July 31, 2014

———————

Before NIEMEYER, WYNN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant.  Ripley Rand, United States Attorney, JoAnna G. McFadden, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roger Melchor appeals the seventy-four-month aggregate sentence of imprisonment imposed by the district court following his guilty plea to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). On appeal, Melchor contends that the district court erred by applying sentencing enhancements for abuse of a position of trust, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3B1.3 (2012), and for the number of victims, pursuant to USSG § 2B1.1(b)(2)(A)(i).[*] We affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "The first step in this review requires us to ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008). When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de

_____

[*] Melchor's challenges pertain only to the fifty-month term imposed on the conspiracy charge. The consecutive twenty-four month term imposed on the identity theft charge was the statutory mandatory term.

novo.  Id.  The burden is on the government to establish by a preponderance of the evidence that a sentencing enhancement should be applied.  See United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010).

Melchor contends that he did not occupy a position of trust and therefore the enhancement was incorrectly applied to him.  Section 3B1.3 applies if "the defendant abused a position of trust and that abuse significantly contributed to the commission or concealment of the [underlying offense]."  United States v. Akinkoye, 185 F.3d 192, 203 (4th Cir. 1999); see USSG § 3B1.3 & cmt. n.1.  However, in addition to a defendant in a position of trust from the perspective of the victims, the enhancement also applies to "[a] defendant who exceeds or abuses the authority of his or her position in order to obtain . . . any means of identification."  USSG § 3B1.3 cmt. n.2(B).  We have concluded that the enhancement applies to an individual in a case similar to Melchor's.  See United States v. Abdelshafi, 592 F.3d 602, 610-12 (4th Cir. 2010).  Therefore, because Melchor abused his position to obtain the means of identification that made his fraud possible, the district court did not err in applying this enhancement.

Lastly, Melchor argues that the district court erred in applying a two-level enhancement for the number of victims because only victims who suffered a financial loss may be

3

counted for purposes of the Guidelines. Section 2B1.1 provides that "[i]f the offense involved 10 or more victims . . . increase by 2 levels." USSG § 2B1.1(b)(2)(A)(i). The application notes state that, "in a case involving means of identification[,] 'victim' means . . . any individual whose means of identification was used unlawfully or without authority." USSG § 2B1.1(b)(2) cmt. n.4(E). Application Note 4(E) specifically states that this definition of victim exists independently from the general definition of victim in Application Note 1, id., which requires "actual loss" or "bodily injury." USSG § 2B1.1 cmt. n.1. Therefore, the district court did not err by considering the individuals whose identifying information was stolen by Melchor to be victims for purposes of the Guidelines, making the enhancement appropriate.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4